

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA WALKER,
ELETHRIOS SHIZAS,
JUNIOUS PITTMAN,
ROBERT HITT,

    Plaintiffs,

v.

ASSET ACCEPTANCE, LLC

    SERVE:  CT Corporation System
                 4701 Cox Rd., Ste. 301
                 Richmond, VA 23060

    Defendant.

Civil Action No.

3:12CV547

## COMPLAINT

COME NOW the Plaintiffs, Brenda Walker, Elethrios Shizas, Junious Pittman, and Robert Hitt (hereafter the "Plaintiffs"), by counsel, and as for their Complaint against the Defendant, they allege as follows:

1. This is an action for actual and statutory damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") and 47 U.S.C. § 227, *et seq.* (the Telephone Consumer Protection Act or "TCPA").

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227 and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiffs are natural persons and at all times relevant hereto were "consumers" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Asset Acceptance, LLC, ("Asset Acceptance"), is a Delaware limited liability company with its principal place of business located in Warren, Michigan. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Asset Acceptance was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

### *Brenda Walker*

5. The Defendants allege that debts owed by Plaintiff Walker were consigned, placed or otherwise transferred to the Defendant for collection.

6. In an attempt to collect at least one debt, the Defendant filed a Warrant in Debt against the Plaintiff in Richmond City General District Court and obtained a judgment against her on February 24, 2010 for $5,027.99, with judgment costs in the amount of $49.00, and interest set at 6% from the date of judgment until paid.

7. After judgment was entered, the Defendant initiated several garnishment actions in an attempt to collect the outstanding judgment.

8. Within the one-year period preceding the filing date of this Complaint, the Defendant abused the garnishment process and attempted to collect funds that were not awarded by the Court when it issued the underlying judgment. These actions prohibited by statute. The Defendant also made misrepresentations in furtherance of its efforts to illegally collect this money.

9. Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law. Each such instance that the Defendant submitted a falsified garnishment suggestion

constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code § 8.01-511, and thus also violated the FDCPA.

10. Additionally, in an attempt to harass and abuse Plaintiff Walker, the Defendant placed numerous calls to her place of employment in attempt to collect a debt. During each call, Ms. Walker informed the Defendant that she was not allowed to take personal calls at work and to cease calling her place of employment. Despite multiple warnings, the Defendant continued to place calls to Plaintiff Walker's place of employment in violation of the FDCPA.

11. Furthermore, the Defendant engaged in the practice of placing numerous calls to Plaintiff Walker's cell phone using a combination of automatic telephone dialers, predictive dialers, and prerecorded voice messages, without her express consent.

12. In fact, on numerous occasions, Plaintiff Walker informed the Defendant to stop calling her cell phone because it was using up her minutes. Despite this request, the Defendant continued to place these calls to Plaintiff Walker's cell phone.

### *Elethrios Shizas*

13. The Defendants allege that a debt owed by Plaintiff Shizas was consigned, placed or otherwise transferred to the Defendant for collection.

14. In an attempt to collect this debt, the Defendant filed a Warrant in Debt against Mr. Shizas in Westmoreland General District Court.

15. The Defendant mailed to and caused Plaintiff Shizas to be served with a copy of the Warrant in Debt.

16. Upon receipt of the Warrant in Debt, Mr. Shizas called the Defendant regarding the debt, during which time the Defendant informed Mr. Shizas that if he complied with a payment plan, it would dismiss the Warrant in Debt against him.

17. Relying on the Defendant's representation, Mr. Shizas made a payment to the Defendant before the return date and did not appear in court.

18. The Defendant did not dismiss the Warrant in Debt against Plaintiff Shizas. Instead, it appeared in court and took a default judgment against him on December 12, 2011 for $3,065.84, with interest set at 6% from the date of judgment until paid, and judgment costs in the amount of $52.00.

19. Furthermore, without his prior knowledge or consent, Defendant placed several calls to Plaintiff Shizas's girlfriend and discussed the debt with her.

20. The Defendant also engaged in the practice of placing numerous calls to Mr. Shizas's cell phone and/or residential landlines using a combination of automatic telephone dialers, predictive dialers and prerecorded voice messages, without his express consent.

21. Plaintiff Shizas has suffered actual damages as a result of these illegal collection actions by the Defendant in the form of economic damage as well as anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, amongst other negative emotions.

### *Junious Pittman*

22. The Defendants allege that a debt owed by Plaintiff Pittman was consigned, placed or otherwise transferred to the Defendant for collection.

23. In an attempt to collect this debt, the Defendant filed a Warrant in Debt against Mr. Pittman in Richmond City General District Court and obtained a judgment against him on June 11, 2008 for $3,999.82, with judgment costs in the amount of $44.00, and interest set at 27% from November 2, 2004 until paid.

24. After judgment was entered, the Defendant initiated several garnishment actions against Mr. Pittman in an attempt to collect the outstanding judgment.

25. Within the one-year period preceding the filing date of this Complaint, the Defendant abused the garnishment process and attempted to collect funds that were not awarded by the Court when it issued the underlying judgment. These actions prohibited by statute. The Defendant also made misrepresentations in furtherance of its efforts to illegally collect this money.

26. Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law. Each such instance that the Defendant submitted a falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code § 8.01-511, and thus also violated the FDCPA.

### *Robert Hitt*

27. The Defendants allege that a debt owed by Plaintiff Hitt was consigned, placed or otherwise transferred to the Defendant for collection.

28. In an attempt to collect this debt, the Defendant filed a Warrant in Debt against Mr. Hitt in Spotsylvania County General District Court and obtained a judgment against him on September 14, 2011 for $1,477.06, with judgment costs in the amount of $56.00, and interest set at 6% from the date of judgment until paid.

29. After judgment was entered, the Defendant initiated a garnishment action against Mr. Pitt in an attempt to collect the outstanding judgment.

30. Within the one-year period preceding the filing date of this Complaint, the Defendant abused the garnishment process and attempted to collect funds that were not awarded by the Court when it issued the underlying judgment. These actions prohibited by statute. The

Defendant also made misrepresentations in furtherance of its efforts to illegally collect this money.

31. Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law. Each such instance that the Defendant submitted a falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code § 8.01-511, and thus also violated the FDCPA.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d(1)

32. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

33. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by its actions, which include, but are not limited to, using criminal means to harm the Plaintiffs.

34. As a result of these actions taken by the Defendant, the Plaintiffs have incurred actual damages.

35. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692b(2)

36. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

37. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by its actions, which include, but are not limited to, communicating with a person other than the Plaintiffs that the Plaintiffs owe a debt.

38. As a result of these actions taken by the Defendant, the Plaintiffs have incurred actual damages.

39. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692c(a)

40. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

41. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a) by its actions, which include, but are not limited to, communicating with Plaintiffs at their place of employment after being informed that Plaintiffs were not permitted to receive such communication.

42. As a result of these actions taken by the Defendant, the Plaintiffs have incurred actual damages.

43. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(2)

44. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

45. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2) by its actions, which include, but are not limited to, falsely representing the amount or legal status of a debt owed.

46. As a result of these actions taken by Defendant, the Plaintiffs have incurred actual damages.

47. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e(5)

48. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

49. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions, which include, but are not limited to, threatening to take action that could not legally be taken.

50. As a result of these actions taken by Defendant, the Plaintiffs have incurred actual damages.

51. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692e(10)

52. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

53. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include, but are not limited to, using false representation as a means to collect a debt.

54. As a result of these actions taken by Defendant, the Plaintiffs has incurred actual damages.

55. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
## VIOLATION OF 15 U.S.C. § 1692f(1)

56. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

57. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include, but are not limited to, collection of an amount that is not permitted by law.

58. As a result of these actions taken by the Defendant, the Plaintiffs have incurred actual damages.

59. Plaintiffs are therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHT:
## VIOLATION OF 47 U.S.C. § 227(b)

60. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

61. The Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system, predictive dialers, or artificial or pre-recorded voice to Plaintiffs' telephone numbers assigned to a cellular telephone service and/or initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiffs' express consent.

62. In the alterative, the Defendant negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system, predictive dialers, or artificial or pre-recorded voice to Plaintiffs' telephone numbers assigned to a cellular telephone services and/or initiating telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver messages without the Plaintiffs' express consent.

63. The Plaintiffs are therefore entitled to an award of statutory damages against Asset Acceptance, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs demand judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**BRENDA WALKER,**
**ELETHRIOS SHIZAS,**
**JUNIOUS PITTMAN,** and
**ROBERT HITT**

By _/s/ Janelle E. M____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB No. 65434
JANELLE E. MASON, VSB No. 82389
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com